OPINION
Defendant-appellant, Anson Bradford, appeals the denial of his petition for postconviction relief. For the reasons that follow, we affirm.
In 1985, appellant entered a plea of guilty to one count of aggravated burglary in violation of R.C. 2911.11(A)(3), an aggravated first degree felony. The trial court sentenced appellant to six to twenty-five years' imprisonment.
On September 19, 1996, appellant filed his petition, alleging that his indefinite sentence constituted cruel and unusual punishment and that he was entitled to be resentenced to a definite sentence pursuant to the provisions of Am.Sub.S.B. 2 (hereinafter "Senate Bill 2"). The trial court granted the state's motion to dismiss and denied appellant's petition without a hearing.
On appeal, appellant presents four assignments of error, all of which essentially claim that the trial court erred in denying his petition for postconviction relief.
Appellant's primary argument centers on Senate Bill 2 and his claim that he has the right under the bill to be resentenced to a definite term of imprisonment. Sections 5 and 6 of Senate Bill 2 deal with the bill's effective date and provide for the following:
 Section 5. The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and to a person upon whom a court on or after that date and in accordance with the law in existence prior to that date imposed a term of imprisonment for an offense that was committed prior to that date.
 The provisions of the Revised Code in existence on and after July 1, 1996 apply to a person who commits an offense on or after that date.
 Section 6. Sections 1 and 2 of this act shall take effect on July 1, 1996.
It is abundantly clear that Sections 5 and 6 reflect the General Assembly's intent to apply Senate Bill 2 on a prospective basis. Thus, the new sentencing provisions only apply to offenses committed after the bill's July 1, 1996 effective date. State v. Carlton (May 28, 1996), Warren App. No. CA96-01-007, unreported. All offenses committed before the effective date of Senate Bill 2 are subject to those sentencing provisions of the Revised Code in existence prior to July 1, 1996. Id.
Since appellant was sentenced for an offense committed before July 1, 1996, the revised sentencing procedures contained in Senate Bill 2 are inapplicable. Appellant is not entitled to be "resentenced" under Senate Bill 2, and the trial court's denial of his petition for postconviction relief did not deprive appellant of his constitutional rights.
The assignments of error are overruled and the judgment of the trial court is hereby affirmed.
YOUNG, P.J., and WALSH, J., concur.